# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR SOLORIO MUNIZ,<br><br>                            Petitioner,<br><br>       v.<br><br>PAULA M. JARNECK, Warden,<br><br>                            Respondent. | Civil No.   07-2140 IEG (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; and**<br><br>**(2) DENYING IN FORMA PAUPERIS APPLICATION AS MOOT** |

Petitioner, a prisoner proceeding pro se, has paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis.

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Petitioner is currently housed at the Metropolitan Correctional Center ("MCC") and states that his case is "pending." (*See* Pet.

at 1-9.) Petitioner does not make any specific claims in his petition regarding his conviction. Rather, he has attached documents which refer to severe back pain he is experiencing while in custody at the MCC and the institution's response to his complaints. (*See* Pet. at 13-37.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

"Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974). In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, to the extent that Petitioner does seek to challenge a state court conviction via 28 U.S.C. habeas petitioners who wish to challenge either their state court conviction or the

2254, he must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995) (emphasis added). Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

1  when its delivery and acceptance [by the appropriate court officer for placement into the record]
2  are in compliance with the applicable laws and rules governing filings."). However, absent some
3  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is
4  pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### MOTION TO PROCEED IN FORMA PAUPERIS

6  Petitioner has paid the $5.00 filing fee. Accordingly, the request to proceed in forma
7  pauperis is denied as moot.

### CONCLUSION

9  Accordingly, the Court **DISMISSES** the case without prejudice and with leave to amend
10 because Petitioner has: (1) failed to state a cognizable federal claim under 28 U.S.C. **AND** (2)
11 failed to allege exhaustion of his state judicial remedies. The Court also **DENIES** the request
12 to proceed in forma pauperis as moot.

13 If Petitioner is seeking to challenge the constitutionality of a state court conviction, he
14 must, **no later than <u>January 14, 2008</u>**, file a First Amended Petition which cures the pleading
15 deficiencies outlined in this Order. If Petitioner wishes to challenge the conditions of his
16 confinement, he must file a new civil action, which will be assigned a new civil case number,
17 and pay the $350 filing fee. **THE CLERK OF COURT IS DIRECTED TO MAIL**
18 **PETITIONER A BLANK FIRST AMENDED PETITION FORM PURSUANT TO 28**
19 **U.S.C. § 2254 AND A BLANK CIVIL RIGHTS COMPLAINT FORM PURSUANT TO**
20 **42 U.S.C. § 1983.**

21 **IT IS SO ORDERED.**

23 DATED: November 9, 2007

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**